UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, <br> Plaintiff <br> v. <br> GENERAL SERVICES ADMINISTRATION, <br> Defendant | Civil Action No. 18-2071 (CKK) |

**MEMORANDUM OPINION**
(February 26, 2021)

This lawsuit arises from a Freedom of Information Act ("FOIA") request made by Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") to Defendant General Services Administration ("GSA"). CREW requested all communications from January 20, 2017 to July 30, 2018 between GSA and the White House concerning the renovation of the Federal Bureau of Investigation ("FBI") headquarters. Pending before the Court are [45] Defendant's Motion for Summary Judgment ("Def.'s Mot.") and [46] Plaintiff's Cross-Motion for Summary Judgment ("Pl.'s Mot.").

For the reasons below, the Court finds that *in camera* review of certain documents withheld by Defendant under FOIA Exemptions 5 and 7(E) is necessary to make a responsible de novo determination on the claims of exemption. In addition, the Court finds that the inadequacy of Defendant's *Vaughn* Index and affidavit with respect certain categories of withheld material prevent the Court from evaluating whether Defendant's claimed exemptions are proper. Accordingly, the Court shall **GRANT** that portion of Plaintiff's Cross-Motion for Summary Judgment seeking *in camera* review with respect to certain categories of material withheld pursuant to FOIA Exemptions 5 and 7(E) and shall **HOLD IN ABEYANCE** the remainder of that motion and Defendant's Motion for Summary Judgment. The Court shall **ORDER** Defendant to

1

submit to the Court for *in camera* review unredacted versions of the documents withheld pursuant to Exemption 5 included in Defendant's Categories 2, 3, 4, 5, and 6[1] (*Vaughn* Index at 5-9) and the page redacted pursuant to Exemption 7(E) (*id.* at 4). In addition, the Court shall **ORDER** Defendant to file a supplemental *Vaughn* Index providing additional information with respect to Defendant's Categories 2, 3, and 6 (*Vaughn* Index at 5, 6, 9).

## DISCUSSION

On July 30, 2018, CREW submitted a FOIA request to GSA, seeking to acquire "copies of all communications from January 20, 2017 to [July 30, 2018] between GSA and the White House concerning the renovation of the FBI headquarters." Def.'s Mot. Ex. 1 (July 30, 2018 FOIA Request), ECF No. 45-3. At issue in the parties' cross-motions are Defendant's withholding of documents based on FOIA Exemptions 5 and 7(E). Plaintiffs have disputed these withholdings. The Court does not intend to resolve all disputes through this Memorandum Opinion. Instead, the Court has determined that it shall require Defendant to submit certain documents for *in camera* review and shall also require Defendant to supplement its *Vaughn* Index with respect to some of these same documents to allow the Court to make a de novo determination on certain claims of exemption under FOIA Exemptions 5 and 7(E).

### A. The Court Shall Order Defendant to Produce for *In Camera* Review Certain Documents Withheld by Defendant.

"FOIA provides district courts the option to conduct in camera review, but 'it by no means compels the exercise of that option.'" *Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009) (quoting *Juarez v. Dep't of Justice*, 518 F.3d 54, 60 (D.C. Cir. 2008)). *In camera* review is appropriate when such review is necessary for a district court "to make a responsible de novo

---

[1] The "categories" referenced throughout this Memorandum Opinion correspond to the categories demarcated by Defendant in its Motion for Summary Judgment. *See* Def.'s Mot. at 8-9.

determination on the claims of exemption." *Juarez*, 518 F.3d at 60 (internal quotation marks omitted). "When the agency meets its burden by means of affidavits, in camera review is neither necessary nor appropriate." *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979). But "affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Id*. "[D]istrict courts possess broad discretion regarding whether to conduct in camera review." *Larson*, 565 F.3d at 870. In this case, making a responsible de novo determination of many of Defendant's FOIA exemption claims requires *in camera* review of the withheld information because Defendants have failed to "provide specific information sufficient to place the documents within the exemption category." *ACLU v. Dep't of Def.*, 628 F.3d 612, 626 (D.C. Cir. 2011) (internal quotation marks omitted).

In addition to the agency's affidavit, Defendant has submitted a *Vaughn* index. *See Vaughn* Index, ECF No. 45-7. In its Opposition, Defendant argues that *in camera* review is not necessary because Defendant's affidavit and *Vaughn* Index provide sufficiently detailed information about each document to place the withheld information within the claimed exemption category." *See* Def.'s Opp'n at 21, ECF No. 49. The Court disagrees. Agency affidavits and a *Vaughn* index are sufficient to justify summary judgment when they show, with reasonable specificity, why the redactions fall within the FOIA Exemption. "The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Hall v. CIA*, 881 F. Supp. 2d 38, 74 (D.D.C. 2012) (quoting *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980)). Here, the Court finds that the *Vaughn* Index entries and Defendant's affidavit are insufficiently specific with respect to the claimed withholdings discussed here.

Some background on each exemption provides context for why *in camera* review is warranted here. Exemption 5 applies to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "To qualify [for this exemption], a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Over the years, it has been construed as protecting "those documents, and only those documents, normally privileged in the civil discovery context." *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). As is relevant to this case, available privileges include the attorney-client privilege, the deliberative process privilege, and the presidential communications privilege. *Judicial Watch, Inc. v. Dep't of Defense*, 913 F.3d 1106, 1109 (D.C. Cir. 2019).

The Court has determined that *in camera* review is appropriate for certain documents withheld pursuant to Exemption 5. Given the low volume of records at issue, the Court shall order Defendants to submit for *in camera* review the following records withheld under Exemption 5:

- Category 2 – Four pages fully withheld of "[a] draft copy of GSA's responses to Questions for the Record from the U.S. Senate's Committee on Environment and Public Works regarding the FBI Headquarters Project sent between White House Counsel and GSA's Office of General Counsel." *Vaughn* Index at 5.

- Category 3 – Nineteen pages fully withheld of "[a] draft copy of GSA's Office of the Inspector General's (IG) Draft Review of GSA's Revised Plan for the FBI Headquarters Consolidation Project sent between White House Counsel and GSA's Office of General Counsel." *Id.* at 6.

- Category 4 – Three pages fully withheld of "[a] draft copy of correspondence from GSA's General Counsel to GSA IG's Counsel to the Inspector General concerning a records request for the FBI Headquarters Project." *Id.* at 7.

- Category 5 – One page fully withheld of "[a] White House Briefing Itinerary regarding a discussion of the future of the FBI headquarters on January 24, 2018." *Id.* at 8.

- Category 6 – Ninety-one pages fully withheld of "email communications between GSA officials and OMB officials" regarding four topics: (1) proposed testimony of a Congressional hearing; (2) communications plans including possible talking points and press statements; (3) the drafts of the FBI project status for relevant stakeholders on Capitol Hill and off, and (4) proposed response to Congressional Questions for the Record." *Id.* at 9

The *Vaughn* Index and supporting affidavit do not provide the Court with sufficient context to determine whether the privileges claimed by Defendant apply.[2] As one example, Defendant's description of the White House briefing itinerary (Category 5) does not provide enough information for the Court to determine whether the record was "authored or solicited and received by those members of an *immediate* White House adviser's staff who have broad and significant responsibility for investigating and formulating the advice to be given the President on the particular matter to which the communications relate." *In re Sealed Case*, 121 F.3d 729, 752 (D.C. Cir. 1997) (emphasis added). "Only communications at that level are close enough to the President to be revelatory of his deliberations or to pose a risk to the candor of his advisers." *Id.* The *Vaughn* Index merely recites the standard for the privilege: "[t]his document is a communication prepared by *presidential advisers* who have broad and significant responsibility for investigating and formulating advice for the President." *Vaughn* Index at 8 (emphasis added). It provides no basis for the Court to discern whether the communication was "authored or solicited" by "an immediate" adviser of the President. Similarly, the *Vaughn* Index for Category 3 merely recites the standard for claiming the attorney-client privilege, without providing enough context for the Court to

---

[2] The Court shall provide examples of the deficiencies with respect to documents withheld under the deliberative process privilege *infra* Part B. Because of those deficiencies, the Court shall require Defendant to produce the documents for *in camera* review in addition to providing a supplemental *Vaughn* Index.

5

determine whether the communication "had a primary purpose of obtaining or providing legal advice." *Am. Oversight v. Gen. Servs. Admin.*, 311 F. Supp. 3d 327, 342 (D.D.C. 2018).[3] The attorney-client privilege does not protect a communication simply because an attorney was involved. *Id.* Rather, Defendant must demonstrate that "information . . . was communicated to or by an attorney as part of a professional relationship" and "that the information is confidential. If the information has been or is later shared with third parties, the privilege does not apply." *Id.* (internal citations and quotation marks omitted).

The Court shall also require Defendant to submit for *in camera* review the portion of the document indicated on page 4 of its *Vaughn* Index as redacted pursuant to Exemption 7(E):

- Redaction of "portions of communications between an Assistant Special Agent within GSA's IG office and the Special Assistant to the GSA Administrator regarding the basis of the IG's request to interview the Administrator" from "[e]mail communications between January 20, 2017, to July 30, 2018, between GSA and the White House concerning the renovation of FBI Headquarters." *Vaughn* Index at 2, 4.

FOIA's Exemption 7(E) applies to "records or information compiled for law enforcement purposes" to the extent release of such information would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Although Exemption 7(E) sets "a low bar for the agency to justify withholding," the agency must "at least provide *some* explanation of what

---

[3] As Plaintiff indicates in its Motion for Summary Judgment, the draft document described in Category 3 appears under cover of an email sent by a GSA official to one White House official and one Office of Legal Counsel official. *See* Pl.'s Mot. at 27; at Pl.'s Mot. Ex 5. Defendant suggests that the fact that the document was sent to OLC attached to an email stating it was sent "[f]or discussion at our meeting tomorrow" makes the "context of legal analysis and advice" of the document "clear." Def.'s Opp'n at 2, ECF No. 49. Absent additional context, the Court does not agree that it is "clear" this document may be withheld pursuant to the attorney-client privilege.

6

procedures are involved and how they would be disclosed. *C.R.E.W. v. Dep't of Justice*, 746 F.3d 1082, 1102 (D.C. Cir. 2014) (citing *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011)). "[N]ear-verbatim recitation of the statutory standard is inadequate." *Id.* The agency must address what procedures are at stake, and how disclosure of the materials would reveal such procedures. *Id.* Here, neither Defendant's affidavit nor the *Vaughn* Index provide sufficient specificity pursuant to Exemption 7(E) regarding *what* investigative procedures or techniques are involved and *how* they would be disclosed by production of the document. *See id*. Accordingly, the Court shall order Defendant to produce for *in camera* review the portion of the document withheld pursuant to Exemption 7(E).

    **B. The Court Shall Order Defendant to Supplement its *Vaughn* Index for Certain Documents Withheld Pursuant to the Deliberative Process Privilege.**

In addition to requiring Defendant to submit the documents discussed above for *in camera* review, the Court shall also order Defendant to supplement its *Vaughn* Index with respect to three categories of records withheld pursuant to the deliberative process privilege under FOIA's Exemption 5—Categories 2, 3, and 6. *See supra* at pp. 4-5; *Vaughn* Index at 5, 6, and 9. The Court finds that Defendant's *Vaughn* Index and affidavit are inadequate with respect to these categories, and is not confident that *in camera* review alone—absent additional contextual details provided by a supplemental *Vaughn* Index—will allow the Court to render a decision on the propriety of Defendant's withholdings.

When withholding information pursuant to the deliberative process privilege, the agency is required to provide the following information for *each* document at issue: "(1) the nature of the specific deliberative process involved, (2) the function and significance of the document in that process, and (3) the nature of the decisionmaking authority vested in the document's author and recipient." *Pub. Emps. for Envtl. Resp. v. E.P.A.*, 213 F. Supp. 3d 1, 13 (D.D.C. 2016). Although

Defendant is not required to identify "a specific agency decision," it is required to show that the document was "generated as part of a *definable* decision-making process." *Id.* (emphasis in original). Moreover, the agency must provide some context of the function and significance of the document(s) in the agency's decisionmaking process in order for the Court to evaluate "whether material is pre-decisional, because 'if documents are not part of a clear 'process' leading to a final decision on the issue, . . . they are less likely to be properly characterized as pre-decisional.'" *Id.* (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980)). And finally, some indication of the "nature of the decisionmaking authority vested in the office or person issuing the dispute document(s), and the positions in the chain of command of the parties to the documents" is required. *Id.* (quoting *Arthur Anderson & Co. v. I.R.S.*, 679 F.2d 254, 258 (D.C. Cir. 1982)). "The D.C. Circuit has instructed that the 'identity of the parties . . . is important' to evaluating the withholding of material pursuant to the deliberative process privilege, because the relative position of the author and recipient aids the court in determining whether a document is predecisional." *Id.* (citing *Coastal States*, 617 F.2d at 868) .

Although not exhaustive, the Court shall address some of the inadequacies of Defendant's *Vaughn* Index. For example, Category 6 merges into a single entry 91 pages of withheld materials, indicating that these documents address four different topics. *Vaughn* Index at 9. This plainly falls short of the requirement that the agency to provide appropriate information for "*each document*" at issue. *Pub. Emps.*, 213 F. Supp. 3d at 13 (emphasis added). That same entry provides the Court no notice of the "function" of each document in the deliberative process; rather it indicates only that all of the withheld communications are "predecisional and deliberative, in that they were made with the purpose of soliciting comments and feedback from others to ensure accuracy, consistency, and completeness in the ultimate communications made or documents provided to various outside

parties." *Vaughn* Index at 9. This imprecise description provides the Court no basis to determine the nature of the deliberative process involved, the function of each document in that process, or the nature of the decisionmaking authority of the document's author or recipient. *Pub. Emps.*, 213 F. Supp. 3d at 13. The *Vaughn* Index entries for Categories 2, 3, and 6 provide only vague reference to the identities of the records' authors. *See, e.g.*, *Vaughn* Index at 9 (communications "between GSA officials and OMB officials"); *id.* ("email conversation between GSA, FBI, and OMB"); *id.* at 5 ("interagency deliberations between the Office of White House Counsel and GSA's Office of General Counsel"); *id.* at 6 ("draft . . sent between White House Counsel and GSA's Office of General Counsel"). Defendant must do more to show that its withholdings are proper.

The Court has several options to proceed with respect to its finding that the portions of the *Vaughn* Index are insufficient. *See Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 997 (D.C. Cir. 1998) (explaining that if a court finds that an "agency fails to provide a sufficiently detailed explanation to enable the district court to make a *de novo* determination of the agency's claims of exemption, the district court then has several options, including inspecting the documents *in camera,* requesting further affidavits, or allowing the plaintiff discovery."). As noted above, the Court shall require Defendant to submit to the Court the withheld Category 2, 3, and 6 documents for *in camera* review. However, the Court shall also require Defendant to provide a supplemental *Vaughn* index for these categories so that the Court may ascertain the "(1) the nature of the specific deliberative process involved, (2) the function and significance of the document in that process, and (3) the nature of the decisionmaking authority vested in the document's author and recipient." *Pub. Emps.*, 213 F. Supp. 3d at 13.

## CONCLUSION

For the foregoing reasons, the Court shall **GRANT** that portion of Plaintiff's Cross-Motion for Summary Judgment seeking *in camera* review with respect to certain categories of material withheld pursuant to FOIA Exemptions 5 and 7(E) and shall **HOLD IN ABEYANCE** the remainder of that motion and Defendant's Motion for Summary Judgment. The Court shall **ORDER** Defendant to submit to the Court for *in camera* review by no later than **MARCH 5, 2021** unredacted versions of the documents withheld pursuant to Exemption 5 included in Defendant's Categories 2, 3, 4, 5, and 6 (*Vaughn* Index at 5-9) and the page redacted pursuant to Exemption 7(E) (*id.* at 4). In addition, the Court shall **ORDER** Defendant to file by no later than **MARCH 12, 2021** a supplemental *Vaughn* Index providing additional information with respect to Defendant's Categories 2, 3, and 6 (*Vaughn* Index at 5, 6, 9).

An appropriate Order accompanies this Memorandum Opinion. Following the release of this Memorandum Opinion and the accompanying Order, the Court shall contact Defendant to arrange a method for the delivery of the materials.

                                                                /s/  
                                              COLLEEN KOLLAR-KOTELLY  
                                              United States District Judge